UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FLUID LUX S.A.R.L. and
FLIUD ENERGY GROUP LTD.

                              Plaintiffs,                      Civil Action No.

   -against-

DAVID BANES, d/b/a TRITON GREEN,
JOHN MACDONALD,
ENVIRONMENTAL MANUFACTURING
SOLUTIONS, LLC d/b/a
E.M.S.L.L.C. and ENVIRONMENTAL
MANUFACTURING SOLUTIONS-EAST COAST, LLC

                              Defendants.

-------------------------------------------------------------X

Now come the Plaintiffs, by their attorneys, Natter & Natter, for their Complaint against the Defendants alleging as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of US Trademark Registration No. 4,659,072 and arises under Title 15, United States Code, §1114; for trademark counterfeiting, for false designations of origin and false descriptions arising under Title 15, United States Code §1125(a); and for common law trademark infringement and unfair competition.

1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to Title 15, United States Code, §1121 and by Title 28, United States Code, §1338(a) and Title 28, United States Code, §1338(b) as it involves claims under the Trademark Act together with related claims under State law. Venue is proper pursuant to Title 28 United States Code §1391.

## THE PLAINTIFFS

3. The Plaintiff, FLUID ENERGY GROUP LTD. (hereinafter FLUID ENERGY) is a Canadian corporation having an office and principal place of business at 114-214 Eleventh Avenue SE, Calgary, Alberta, Canada.

4. The Plaintiff, FLUID LUX S.A.R.L. (hereinafter FLUID LUX) is a company organized under the laws of Luxembourg having a place of business at 73 Côte d'Eich, L-1450 Luxembourg and is a wholly owned subsidiary of FLUID ENERGY.

## THE DEFENDANTS

5. The Defendant, DAVID BANES (hereinafter BANES) is an individual residing at 7209 Barbara Road Cocoa FL 32927 and transacts business under the fictitious name TRITON GREEN.

6. The Defendant, JOHN T. MACDONALD (hereinafter MACDONALD) is an individual residing at 5800 Treasure Lane, Grant FL 32949.

7. The Defendant ENVIRONMENTAL MANUFACTURING SOLUTIONS, L.L.C. (hereinafter EMS) is a Limited Liability Company organized under the laws of the State of Florida, doing business as "E.M.S.L.L.C." having a place of business at 7705 Progress Circle, Melbourne FL 32904.

8. The Defendant ENVIRONMENTAL MANUFACTURING SOLUTIONS-EAST COAST, LLC (hereinafter EMSEC) is a Limited Liability Company organized under the laws of the State of Virginia having an office at 2241 Barraud Avenue, Norfolk VA 23504.

9. Upon information and belief, the Defendants, BANES, MACDONALD, EMS and EMSEC are subject to personal jurisdiction of the courts of the State of New York for the reasons that they transact business within the State of New York and contracted to supply infringing goods in the State of New York and committed acts of infringement within the State of New York and committed tortious acts without the State of New York causing injury within the State of New York and regularly solicit business and engage in other persistent courses of conduct and derive substantial revenue from goods used or consumed or services rendered in the State of New York or expect or should reasonably expect their tortious acts to have consequences in the State of New York and derive substantial revenue from interstate or international commerce and are otherwise subject to the personal jurisdiction of the courts within the State of New York as provided under CPLR §302.

10. Upon information and belief, the Defendant, MACDONALD is personally liable

and responsible for the wrongful acts of the all of the Defendants for any of the following reasons:

(a) MACDONALD has personally and directly participated in all of the wrongful acts hereinafter set forth;

(b) MACDONALD has personally and actively directed the activities of all Defendants and has personally directed other employees or agents of all Defendants and/or his own employees and agents to commit the wrongful acts hereinafter set forth;

(c) MACDONALD has directly controlled the operation of all Defendants as an instrument to carry out the wrongful acts hereinafter set forth;

(d) MACDONALD, as a Manager and/or sole or majority owner of Defendants, EMS and EMSEC and is the dominant force behind the management and operation of said Defendants in commission of the wrongful acts hereinafter set forth;

(e) MACDONALD has personally and individually transacted business in the name(s) of all Defendants;

(f) MACDONALD has been aware of the rights of the Plaintiffs hereinafter mentioned but, notwithstanding such knowledge, has individually and through all Defendants committed the wrongful acts hereinafter set forth; and

(g) MACDONALD has otherwise actively and personally committed the wrongful acts hereinafter mentioned.

## BACKGROUND

11. On or about November 1, 2012 the Defendants, EMS and EMSEC, entered into a

Manufacturing/Tolling Agreement with the Plaintiff, FLUID LUX, whereby EMS and EMSEC was to manufacture and/or blend chemical products for FLUID LUX, hold such products in bulk containers and fill orders as directed by FLUID LUX.  A copy of said agreement is annexed as Exhibit A.

12. On or about November 1, 2012 the Defendant, EMSEC, entered into a Packaging and Shipping Agreement with FLUID LUX whereby it was to bottle chemical products of FLUID LUX in containers provided by FLUID LUX, label each container with labels provided by FLUID LUX and ship the products to customers of FLUID LUX. A copy of said agreement is annexed as Exhibit B.

13. Plaintiffs implemented the aforementioned Manufacturing/Tolling Agreement and Packaging and Shipping  Agreement through FLUID ENERGY and product labels were designed in early 2013 bearing the trademark TRITON MARINE PRODUCTS and indicating  the Plaintiffs FLIUD ENERGY and FLUID LUX as the source of the products.  Examples of the 2013 product labels are annexed as Exhibit C.

14. In anticipation of customer orders to be placed with FLUID ENERGY, the product labels and empty containers were delivered to EMSEC for fulfillment.

15. In fulfillment of an order of a FLUID ENERGY customer in Australia, products were manufactured/tolled by EMS and/or EMSEC pursuant to the Manufacturing/Tolling Agreement and were bottled and shipped by EMSEC pursuant to the Packaging and Shipping

Agreement. The products were not favorably received, however.

16. In June, 2013 two further orders were placed by FLUID ENERGY under the Manufacturing/Tolling Agreement or the Packaging and Shipping Agreement for delivery to customers in the United States.

## THE PLAINTIFF'S TRADEMARK

17. On December 23, 2014, trademark Registration No. 4,659,072 for the mark TRITON MARINE PRODUCTS issued on the Principal Register of the United States Patent and Trademark Office to the Plaintiff, FLUID ENERGY.  The Plaintiff, FLUID ENERGY, is the owner and holder of such registration, which is valid, subsisting, and is in full force and effect.  A copy of the certificate of registration is attached hereto as Exhibit D.

## AS AND FOR A FIRST COUNT
## TRADEMARK COUNTERFEITING AND INFRINGEMENT

18. Paragraphs 1 through 17 are repeated as if set forth fully herein.

19. This is an action for infringement of a registered trademark pursuant to 15 U.S.C. §1114.

20. The Defendants have, without knowledge, permission, consent or authority of the Plaintiffs, commenced upon a plan to exploit, misappropriate and convert to their own use, the labels and bottles owned by the Plaintiff, FLUID ENERGY, and have employed such labels and bottles in connection with the sale, offering for sale, distribution and advertising of counterfeit

goods.  An image of a misappropriated label on a chemical product sold by the Defendant BANES and bearing the registered mark, TRITON MARINE PRODUCTS, is attached as Exhibit E.

21. The counterfeit products are advertised and offered for sale by the Defendant BANES on the web site *tritongreen.com*.  A screen shot of a *tritongreen.com* web page illustrating the counterfeit products is attached as Exhibit F.

22.  Upon information and belief, the Defendant BANES forwards orders to the Defendants MACDONALD and EMS for fulfillment, with the counterfeit goods being shipped by MACDONALD and EMS. Attached as Exhibit G is the sender information from the shipping label of a package containing the counterfeit goods depicted in Exhibit E and ordered from Defendant BANES.

23.  The unauthorized use by the Defendants of the counterfeit TRITON MARINE PRODUCTS mark is likely to cause confusion or mistake or to deceive consumers as to the source of the goods of the Defendants and constitutes trademark counterfeiting and infringement in violation of 15 U.S.C. 1114.

24.  The Plaintiffs have been irreparably damaged and continue to be irreparably damaged by the activities and conduct of each of the Defendants and unless enjoined, such conduct will continue to damage the Plaintiffs' business, goodwill, and reputation and will cause injury that cannot be compensated solely by money damages.

## AS AND FOR A SECOND COUNT
## FALSE DESIGNATIONS OF ORIGIN

25. The Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 24 as if fully set forth herein.

26. The Defendants have no license, permission, consent or authorization from Plaintiffs to use the labels and bottles owned by Plaintiff, FLUID ENERGY.

27. The labels on the counterfeit chemical products sold by the Defendants, and bearing the registered mark, TRITON MARINE PRODUCTS, attached as Exhibit E, include the following false statement intended to falsely pass off the Defendants as being the Plaintiffs: "Imported/Distributed By: Triton Marine Products, [a Division of Fluid Energy Group Ltd….Under license from Fluid Lux S.a.r.l.]"

28. The Defendants continue to offer for sale and sell counterfeit chemical products in interstate commerce which constitutes the employment of false designations of origin, false and misleading descriptions and representations, with knowledge of the falsity of such false and misleading descriptions and representations and which are likely to cause confusion, mistake and deception in violation of Title 15, United States Code, §1125(a).

29. By reason of the Defendants' wrongful acts aforementioned, the Plaintiff has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

30.     The Defendants' wrongful acts aforementioned are malicious, willful, wanton and in utter disregard of the Plaintiff's rights.

31.     The Plaintiff has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and good will if such infringing activities are allowed to continue.

## AS AND FOR A THIRD COUNT
## COMMON LAW TRADEMARK INFRINGEMENT

32.     The Plaintiff s repeat and reallege the allegations of Paragraphs 1 through 31 as if fully set forth herein.

33.     The Defendant's acts aforementioned constitute infringement of the TRITON MARINE PRODUCTS trademark at common law.

34.     By reason of the Defendants' wrongful acts aforementioned, the Plaintiffs have suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

35.     The Defendants' wrongful acts aforementioned are willful, wanton and in utter disregard of the Plaintiff's rights.

36.     The Plaintiffs have no adequate remedy at law and are presently suffering and will continue to suffer irreparable harm and damage to their business reputation and good will if such infringing activities are allowed to continue.

37. The aforesaid wrongful acts of the Defendants constitute unfair trade practices, inequitable conduct and unfair competition.

## AS AND FOR A FOURTH COUNT
## DECEPTIVE BUSINESS PRACTICES

38. The Plaintiff s repeat and reallege the allegations of Paragraphs 1 through 37 as if fully set forth herein.

39. In violation of New York General Business Law §349 the Defendants have sold, offered for sale and distributed counterfeit and infringing chemical products and have unlawfully passed themselves off as the Plaintiffs and as offering for sale and selling goods originating with the Plaintiffs.

40. The Plaintiffs have no adequate remedy at law and are presently suffering and will continue to suffer irreparable harm and damage by the Defendants' unlawful and deceptive business activities and conduct.

## AS AND FOR A FIFTH COUNT
## UNFAIR COMPETITION

41. The Plaintiff s repeat and reallege the allegations of Paragraphs 1 through 40 as if fully set forth herein.

42. In violation of the common law of the state of New York, the defendants have unfairly competed with the Plaintiffs by selling counterfeit and infringing products and passing such products as goods originating with the Plaintiffs.

43. Plaintiffs have been and continue to be irreparably damaged by the Defendants' activities aforementioned.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

1. That preliminary and final injunctions be issued enjoining the Defendants, their officers, agents, servants, employees and all those persons in active concert or participation them and their successors in interest and/or assigns:

(a) from using the TRITON MARINE PRODUCTS trademark, trade name or common law marks or any marks similar thereto in connection with the sale of any goods;

(b) from using any logo, trade name or trademark similar to any of the Plaintiffs' business names, trade names or common law marks which may be calculated to falsely represent or which has the effect of falsely representing that the products of Defendants or of third parties are sponsored by, authorized by or in any way associated with Plaintiffs;

(c) from counterfeiting any of the Plaintiff's trademarks, business names, trade names or common law marks;

(d) from infringing any of the Plaintiffs' trademarks, business names, trade names or common law marks;

(e) from passing-off, inducing or enabling others to sell, pass off or use any products as Plaintiffs' products;

  (f) from otherwise unfairly competing with Plaintiffs in the sale, offering for sale or distribution of chemical products bearing Plaintiffs' TRITON MARINE PRODUCTS trademark, business name, trade name or common law mark;

  (g) from falsely representing themselves as being connected with Plaintiffs or sponsored by or associated with the Plaintiffs or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendants are associated with the Plaintiffs;

  (h) from using any reproduction, counterfeit, copy, or colorable imitation of any of the Plaintiffs' marks, labels, logos, tags, markings, common law marks or trade name in connection with the promotion, sale, advertising, or installation of products sold by Defendants and/or by third parties under the supervision and/or control of the Defendants;

  (i) from affixing, applying, annexing or using in connection with the sale of the goods or products, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Plaintiffs' goods and products and from offering such goods in commerce;

  (j) from committing any other acts calculated to cause purchasers to believe that any of the goods, products or services of Defendants and/or of any third parties under the supervision and/or control of the Defendants are genuine goods or products or services of the Plaintiffs;

(k) from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (k) above; and

2. Pursuant to 15 U.S.C. § 1116 and 1118 and New York Law and common law the issuance of a mandatory preliminary or permanent injunction requiring Defendants and their present and future subsidiaries, parents, affiliates, agents, servants, employees, directors officers and attorneys and those persons in active concert or participation with them and successors in interest and/or assigns to:

(a) Deliver up immediately for destruction upon service of this Complaint their entire inventory of counterfeit products and labels bearing the TRITON MARINE PRODUCTS mark, common law marks or any marks confusingly similar thereto or the business name or trade names of the Plaintiffs;

(b) Deliver up immediately for destruction upon service of this Complaint any logo, trade name or trademark similar to the Plaintiffs' TRITON MARINE PRODUCTS mark, trade name or;

(c) common law marks or which may be calculated to falsely represent or which has the effect of falsely representing that the products of Defendants or of third parties under the Defendants' supervision and/or control are sponsored by, authorized by or in any way associated with Plaintiffs;

(d) Deliver up immediately for destruction any counterfeit products or things bearing the TRITON MARINE PRODUCTS mark or any marks similar thereto that have been or may be returned to the Defendants;

(e) Immediately after the service of this Complaint provide a complete list of all entities from whom they purchased or to whom they distributed and/or sold products falsely bearing the TRITON MARINE PRODUCTS mark or any marks similar thereto;

(f) Pursuant to 15 U.S.C. § 1117(a), (b) and (c) and 1118 and New York Law and common law an Order that, within thirty days after the entry of service of an injunction, each Defendant serve and file a written report under oath setting forth in detail the manner and form in which it has complied with the injunction;

(g) ordering that all infringing movable personal property be delivered, impounded and destroyed;

(h) ordering each of the Defendants to produce books and records from which the profit can be calculated that each Defendant has made due to its counterfeiting and infringing conduct and activities;

(i) ordering that all books and records made in the regular course of each Defendant's business, including electronically stored communications and documents, be preserved by each Defendant;

(j) ordering at Plaintiffs' election pursuant to 15 U.S.C. § 1117(c) statutory damages for counterfeiting in connection with the sale, offering for sale or distribution of goods or services in the amount of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services

sold, offered for sale, or distributed as the Court considers just; or for willful use of a counterfeit mark an award of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just, but in no event less than $4,000,000;

(k) Ordering Defendants pay Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b);

(l) Ordering Plaintiffs recover expenses and the costs and disbursements of this action, including reasonable attorneys' fees and interest due to the exceptional nature of Defendants' counterfeiting activities; and

(m) Ordering Defendants pay pre-judgment and post judgment interest at an annual interest rate established under Section 6621(a)(2) of Title 26 beginning on the date of the service of this Complaint pursuant to 15 U.S.C. § 1117(b)(2).

3. Pursuant to 15 U.S.C. § 1117 and New York Law and common law or at Plaintiffs' election in lieu of statutory damages pursuant to 15 U.S.C. § 1117(c) for Defendants' trademark infringement an Order for Defendants to account to Plaintiff for profits from the repeated acts of counterfeiting or trademark infringement involving the sale and distribution of infringing goods or products and for such damages as sustained by the Plaintiff and costs of Plaintiff, and

(a) Ordering that Plaintiff recover damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Plaintiffs pursuant to 15 U.S.C. § 1117(a);

(b)     Ordering an award of attorney's fees to Plaintiff pursuant to 35 U.S.C. § 1117(a);

(c)     Ordering Plaintiff recover expenses and the costs and disbursements of this action, including reasonable attorneys' fees and interest due to the exceptional nature of Defendants' counterfeiting activities;

(d)     Ordering pre-judgment and post-judgment interest due to the exceptional nature of Defendants' counterfeiting actions; and

(e)     Ordering Plaintiffs have such other and further relief as this Court deems proper and just.

4.     Pursuant to 15 U.S.C. § 1117(b) and New York law and common law for Defendants' intentional use of counterfeit marks or willful trademark infringement, an Order for Defendants to account to Plaintiff for profits for repeated acts of intentional use of counterfeit marks or for willful trademark infringement involving the sale and distribution of infringing goods or products or for such damages as sustained by Plaintiff and costs of Plaintiff,

(a)  Ordering that Plaintiff recover three times each of the Defendants' profits or Plaintiffs' damages whichever amount is greater;

(b)  Ordering an award of reasonable attorneys' fees;

(c)  Ordering Plaintiffs recover expenses and the costs and disbursements of this action due to the exceptional nature of Defendants' willful infringement;

(d) Ordering pre-judgment and post-judgment interest due to the exceptional nature of Defendants' willful trademark infringement actions; and

(e) Ordering Plaintiffs have such other and further relief as this Court deems proper and just.

5. Pursuant to 15 U.S.C. § 1117(a) and 1125 and New York Law and common law for false designations of origin, false descriptions and damage to business reputation an Order for Defendants to account to Plaintiffs for profits from the sale and distribution of infringing goods or products and for such damages as sustained by the plaintiff and costs of the Plaintiff:

(a) Ordering that Plaintiffs recover damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Plaintiffs pursuant to 15 U.S.C. § 1117(a);

(b) Ordering an award of attorneys fees to Plaintiffs pursuant to 35 U.S.C. § 1117(a);

(c) Ordering Plaintiffs recover expenses and the costs and disbursements of this action, including reasonable attorneys' fees and interest due to the exceptional nature of Defendants' counterfeiting activities; and

(d) Ordering pre-judgment and post-judgment interest due to the exceptional nature of Defendants' counterfeiting actions.

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: New York, New York
       January 20, 2016

NATTER & NATTER
Attorneys for Plaintiff
501 Fifth Avenue
New York NY 10017
(212) 840-8300

By   s/Seth Natter
      Seth Natter (SN 4913)